## OFFICIAL SYLLABI
## Ohio Appeals

### VALENTINE v. PAVILONIS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Oct. 31, 1927.

A. J. Dickson and Howell, Roberts & Duncan, Cleveland, for Valentine.

Day & Day, Cleveland, for Pavilonis.

829. NEGLIGENCE—225. Charge of Court—118. Automobiles.

1. Error for court to charge that failure to look, on part of pedestrian, requires finding for defendant automobilist, without requiring that such failure he proximate cause of plaintiff's injury.

2. Duty of pedestrian, after entering highway, not regulated by 6310-36 GC., but depends upon general principles of common law.

3. Instruction that plaintiff has duty to exercise ordinary care with respect to looking before leaving curb and also as he continues to cross street, and if failure to exercise such care proximately caused injury, he could not recover, held proper.

4. Instruction that if plaintiff was injured because of proximately concurring negligence of both plaintiff and defendant, he could not recover as matter of law, inaccurate.

904. PEDESTRIANS.

1. Pedestrian crossing street has same right on street as automobilist, except in so far as automobile cannot turn aside as easily as pedestrian.

2. Only duty is to exercise such care as ordinary person would exercise.

3. Has right to assume that drivers of vehicles will exercise ordinary care.

4. Rules applicable concerning crossing track of steam railroad, at public crossing, have little application to walking across busy city street.

396. DIRECTED VERDICTS.

Whether pedestrian crossing street exercised ordinary care nearly always question for jury.

### RICHARDS, J.

1. In pedestrian's action for being struck by automobile, instruction to find for defendant automobilist if plaintiff left curb and walked into street to where he was struck without looking, either just before stepping off the curb or while walking in street, for approach of traffic from direction from which automobile came, was erroneous for failure to require such failure to look, if it existed, to be proximate cause of plaintiff's injury.

2. Although Sect. 6310-36 GC., provides that pedestrian shall not step into or upon public road or highway without looking in both directions, duty of pedestrian, after entering highway, is not regulated by statute, but depends on general principles of common law, which require exercise of ordinary care, and amount of such care depends on conditions and circumstances then existing.

3. Pedestrian crossing street has same right on street as automobilist, and there is no priority of right between them, except in so far as automobile cannot turn aside as easily as pedestrian.

4. Only duty of pedestrian undertaking to cross street is to exercisee such care as persons of ordinary care and prudence are accustomed to exercise under those circumstances.

5. Pedestrian undertaking to cross street has right to assume, in absence of knowledge to the contrary, that drivers of vehicles in street will exercise ordinary care.

6. In vast majority of cases, whether pedestrian crossing street exercised ordinary care is distinctly question for jury.

7. In pedestrian's action for injury by automobilist while crossing street, instructions that plaintiff had duty to exercise ordinary care with respect to looking before leaving curb and stepping into street and to exercise ordinary care as he continued to cross street, and that, if he failed to exercise ordinary care and such failure proximately caused injury, he could not recover, held proper, especially in view of Section 6310-36 GC., requiring pedestrians to look in both directions before stepping into or upon public road or highway.

8. Rules applicable concerning duty of one about to cross track of steam railroad at public crossing have little application to care of one walking across busy city street.

9. In pedestrian's action for injury by automobilist while crossing street, instruction that, if plaintiff was injured because of proximately concurring negligence of both plaintiff and defendant, he could not recover as matter of law, was inaccurate as confusing proximate cause with proximately concurring negligence.

(Williams and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### NEIGHBORS et v. THISTLE DOWN CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Boyd, Cannon, Brooks & Wickham, Cleveland, for Neighbors.

Geo. W. Spooner, Cleveland, for Thistle Down Co.

529a. FINAL ORDERS—1002. Receivers—465. Error Proceedings.

1. Order appointing receiver held final order.

2. Order overruling motion to remove receiver, not final order.

3. Petition in error filed more than 70 days after order appointing receiver, though within 70 days of order overruling motion to remove, not filed in time.

### VICKERY, J.

1. Order appointing receiver for corporation was final order to which petition in error may be prosecuted.

2. Order overruling motion to remove receiver is not an order affecting substantial rights of parties to which error may be prosecuted.

3. Where receiver was appointed and court subsequently overruled motion to remove receiver, petition in error filed more than seventy days after order appointing receiver was entered by common pleas court, though within seventy days of order overruling motion to remove, was not filed in time.

(Levine, PJ., and Sullivan, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.